IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOYCE HOLLEY, INDIVIDUALLY,       §
AND AS NEXT FRIEND OF             §
CHAD HOLLEY, A MINOR,             §
                                  §
     Plaintiffs,                  §
                                  §
v.                                §       CIVIL ACTION NO. H-10-2394
                                  §
ANDREW T. BLOMBERG, RAAD M.       §
HASSAN, PHILIP N. BRYAN, and      §
DREW W. RISER, INDIVIDUALLY,      §
and CITY OF HOUSTON,              §
                                  §
     Defendants.                  §

MEMORANDUM AND ORDER

Pending is Cross-Defendant City of Houston's Motion for
Summary Judgment on Cross-Plaintiffs, Bryan and Ryser's, Claims for
Attorney Fees (Document No. 89). After reviewing the motion,
responses, replies, surreply, and the applicable law, the Court
concludes that the motion should be denied.

The Court discussed the allegations and background which form
the basis of this case in its Protective Order dated October 18,
2010.[1]  Discovery has been stayed to allow for the resolution of
criminal proceedings against Defendants Blomberg, Ryser, Hassan,
and Bryan.  Cross-Plaintiffs Ryser ("Ryser") and Bryan (collec-
tively, "Officers") have filed cross claims against Cross-Defendant
City of Houston (the "City") seeking reimbursement of their

---

[1] *See* Document No. 31.

attorneys' fees pursuant to Texas Local Government Code § 180.002. The City now moves for summary judgment on the Officers' cross claims, contending that it is not obligated to pay the Officers' attorneys' fees sought under Texas Local Government Code § 180.002 because the Officers' acts were neither official nor within the scope of their employment.

The Texas Local Government Code provides:

> (b)   A municipality or special purpose district shall provide a municipal or district employee who is a peace officer, fire fighter, or emergency medical services employee with legal counsel without cost to the employee to defend the employee against a suit for damages by a party other than a governmental entity if:
>
>> (1)   legal counsel is requested by the employee; and
>>
>> (2)   the suit involves an official act of the employee within the scope of the employee's authority.
>
> . . .
>
> (d)   If the municipality or special purpose district fails to provide counsel as required by Subsection (b), the employee may recover from it the reasonable attorney's fees incurred in defending the suit if the trier of fact finds:
>
>> (1)   that the fees were incurred in defending a suit covered by Subsection (b); and
>>
>> (2)   that the employee is without fault or that the employee acted with a reasonable good faith belief that the employee's actions were proper.

TEX. LOC. GOV'T CODE ANN. § 180.002(b), (d) (West 2008).

2

As seen above, § 180.002(b) confers upon a police officer the right to legal counsel "without cost to the employee to defend the employee against a suit for damages" if so requested by the employee and if "the suit involves an official act of the employee within the scope of the employee's authority."[2]  Section 180.002(d) provides that if the City does not provide such counsel, the employee may recover from the City those attorney's fees "incurred in defending the suit if the trier of fact finds" that the fees were covered and that "the employee is without fault or that the employee acted with a reasonable good faith belief that the employee's action were proper."   Here, because the City denied

---

[2] There is a dearth of Texas authority applying § 180.002, but the Supreme Court of Ohio has interpreted its similar state statute granting police officers legal counsel to be triggered when the complaint alleges that the officer "while acting within the scope of his employment," committed an assault. Rogers v. Youngstown, 574 N.E.2d 451, 454 (Ohio 1991).  Here, Holley's Second Amended Complaint alleges that the officers were "performing their official duties under color of state law" when they allegedly assaulted Chad Holley.   Document No. 69 ¶ 2.1. In both the Texas and Ohio statutes, the law provides that the municipality or political subdivision "*shall provide*" legal counsel. *See* TEX. LOC. GOV'T CODE ANN. § 180.002(b); OHIO REV. CODE. ANN. § 2744.07.   The Ohio statute provides that the duty arises where the conduct occurred while the employee was "acting in good faith and not manifestly outside the scope of his employment," and the Texas statute mandates a city's provision of a legal defense to an officer when "the suit involves an official act of the employee within the scope of his employment."   *See* TEX. LOC. GOV'T CODE ANN. § 180.002(b)(2); OHIO REV. CODE. ANN. § 2744.07(A)(1).   Considering available authority and, at this stage where discovery has been stayed, Plaintiff's allegations--that the Officers were in fact performing their official duties under color of state law--at least raise a fact issue as to whether the City has a duty to defend the Officers.

counsel to the Officers to defend them in this case, they cross-acted to recover attorney's fees under § 180.002(d).

Without citation to any authority, the City contends that the merits of the officers' claims for legal fees incurred in *this* case already have been adjudged against the officers in arbitration proceedings pertaining to their appeals from Civil Service Commission decisions suspending indefinitely the Officers for several assigned reasons.  The Court observes that the opinions rendered in those decisions make no mention of § 180.002, or of the attorney's fees incurred and sought to be recovered by Defendants in *this* case, and, for that matter, attorney's fees are never mentioned at all.  Moreover, the City has cited no authority holding that "the trier of fact" referred to in § 180.002(d) means a hearing examiner or arbitrator in a completely separate administrative proceeding (where attorney's fees are not sought), the subject matter of which (whether there is "just cause" indefinitely to suspend the Officers) is quite different from the subject matter of this case (whether Plaintiff Holley is entitled to recover from the Officers monetary damages for personal injuries sustained from the Officers' alleged unconstitutional use of excessive force).  A fair reading of the statute suggests that the "trier of fact" contemplated by § 180.002(d) is the trier of fact in the case where the employee actually files the claim against the City, which in this instance, is *this* case; and here the Officers

will be required to show that they are without fault or that they
acted with a "reasonable good faith belief that their actions were
proper," a factor never adjudicated or mentioned in the arbitration
decisions.

For res judicata, or claim preclusion, to apply, the claims
and the parties must be the same in the subsequent proceeding as in
the arbitration.  Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937
(5th Cir. 2000).[3]   In the civil service appeals there was no
judgment on the merits regarding the Officers' attorney's fees
claims in this case, and the claims therefore are not barred by res
judicata.  For collateral estoppel, or issue preclusion, to apply,
"(1) the issue at stake must be identical to the one involved in
the prior action; (2) the issue must have been actually litigated
in the prior action; and (3) the determination of the issue in the
prior action must have been a part of the judgment in that earlier
action."  In re Southmark Corp., 163 F.3d 925, 932 (5th Cir. 1999).
Here, the City has failed to show that the central issue at stake
in the administrative review proceedings--whether there was "just
cause" indefinitely to suspend the Officers where the City assigned
multifarious reasons for their suspensions--was identical to the

---

[3] The elements of *res judicata* are: (1) the parties in the
second action are the same, or in privity with, the parties in the
first action; (2) judgment in the first case was rendered by a
court of competent jurisdiction; (3) there has been a final
judgment on the merits; and (4) the same claim or cause of action
is involved in both suits.  Id.

Officers' statutory claim under § 180.002(d) for attorney's fees to
defend a case where the Officers' defense, at least in part, is
that they acted in a good faith belief that their actions were
proper.[4]   There is no prior arbitration finding against the
Officers that their actions with respect to Holley were not taken
in a good faith belief that they were proper.  *See* § 180.002(d).
In other words, the critical issue under § 180.002(d) was never
adjudicated and made part of the judgments in the arbitration
proceedings, and the City's res judicata and collateral estoppel
arguments fail.

After careful consideration of the parties' arguments, and for
the reasons set out above, the Court finds that genuine issues of
material fact are present, and that the City has not demonstrated
its entitlement to summary judgment as a matter of law.
Accordingly, it is

---

[4] Moreover, even considering the narrow issue of whether the
Officers used excessive force in violation of Holley's
constitutional rights, Ryser's arbitrator in his holding found that
"the evidence is not sufficient to support a finding that Ryser
made an unlawful contact with Holley."  Document No. 89, ex. B
at 14.  Nonetheless, because Ryser failed to report the incident as
was required by the rules and other considerations, the arbitrator
decided that "[j]ust cause existed to support the form of
disciplinary action imposed by the City."  Id., ex. B at 18.
Hence, there is not a prior arbitration finding that Ryser used *any*
excessive force against Holley, which is the specific conduct that
Holley alleges caused his injuries and for which he seeks to
recover damages from the officer and for which the officer seeks to
recover defense attorney's fees from the City.

ORDERED that Cross-Defendant City of Houston's Motion for Summary Judgment on Cross-Plaintiffs, Bryan and Ryser's, Claims for Attorney Fees (Document  No. 89) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 14th day of March, 2012.


_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE